IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| WINSTAR COMMUNICATIONS, INC., *et al.,* | : | Chapter 7 |
| | : | Bankr. Case No. 01-1430-KJC |
| Debtors. | : | |
| ——————————————— | : | |
| WINSTAR HOLDINGS, LLC and IDT CORP., | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Adv. Pro. No. 08-50296-KJC |
| | : | |
| THE BLACKSTONE GROUP, LP, IMPALA | : | |
| PARTNERS, LLC, and CITICORP., | : | |
| Defendants. | : | |
| ——————————————— | : | |
| WINSTAR HOLDINGS, LLC, and IDT CORP., | : | |
| Appellants, | : | |
| | : | |
| v. | : | Civ. No. 10-839-LPS |
| | : | |
| THE BLACKSTONE GROUP, LP, IMPALA | : | |
| PARTNERS, LLC, and CITICORP, | : | |
| Appellees. | : | |
| ——————————————— | : | |

## **MEMORANDUM ORDER**

At Wilmington this **15th** day of **November, 2013**, this matter coming before the Court

upon an appeal from an order of the Honorable Kevin J. Carey, U.S.B.J. (the "Appeal") (D.I. 1),

and having considered the parties' papers submitted in connection therewith;

IT IS ORDERED that the Appeal is **DENIED**, and the order of the Bankruptcy Court

dated August 11, 2010 – "Order and Decree Denying Plaintiffs' Motion for Remand or

Abstention, Granting Defendants' Motions to Dismiss, and Dismissing Complaint" (the "Order")

– is **AFFIRMED**, for the reasons that follow:

Background.[1]  On April 18, 2001, Winstar Communications, Inc. and certain of its

subsidiaries ("Old Winstar") filed voluntary petitions for relief under Chapter 11 of the United

States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, in the United States Bankruptcy Court for the

District of Delaware (the "Bankruptcy Court"); the Chapter 11 cases later converted to ones

under Chapter 7. (*See* D.I. 2 Ex. 25, August 11, 2010 Memorandum Opinion (the "Opinion"),

Adv. Pro. No. 08-50296-KJC, D.I. 48 at 4)  Old Winstar had sold certain of its assets (the "Asset

Sale") pursuant to 11 U.S.C. § 363, to Winstar Holdings, LLC ("New Winstar") and IDT Corp.

("IDT") (together, "Plaintiffs" or "Appellants") in late 2001.  (*See* Opinion at 1-2)

In connection with the Asset Sale, The Blackstone Group, LLC ("Blackstone") was

retained as Old Winstar's financial advisor, and Impala Partners, LLC ("Impala") was retained as

its restructuring advisor. (*See* Opinion at 2; *see also* D.I. 11 at 1, 6)  Citicorp was Old Winstar's

largest creditor during bankruptcy. (*See* Opinion at 2; *see also* D.I. 11 at 1)  (Blackstone, Impala

and Citicorp will be collectively referred to as "Defendants" or "Appellees.")

The subject adversarial action (the "Adversary Proceeding") arose out of the $42.5

million Asset Sale from Old Winstar to New Winstar and Defendants' roles in connection with

the deal.  (*See* Opinion at 1-2)  Plaintiffs challenged the deal by asserting claims against

Defendants for fraud, aiding and abetting fraud, negligent misrepresentation, negligence, and

civil conspiracy. (*See* Adv. Pro. No. 08-50296-KJC, D.I. 1, Opinion at 2; D.I. 2 Ex. a; *see also*

D.I. 9 at 2-3)  Appellants summarize the history of their challenge as follows:

---

[1]More than three years have passed since the entry of the Bankruptcy Court Order that is
the subject of this Appeal; the appellate briefing was completed more than two years ago.  The
parties have not provided the Court with any supplemental briefing, status report, or notice of
subsequent developments.  Hence, the Court will decide the issues presented in this Appeal
solely on the basis of the briefing and record the parties created several years ago.

> [O]n May 10, 2007, [Plaintiffs] filed a Complaint in the
> Supreme Court of the State of New York, County of New York,
> asserting New York state law claims against [Defendants].
> Plaintiffs requested a jury trial and alleged that Defendants, two of
> which are headquartered in New York, were liable for
> misrepresentations and omissions that occurred during meetings
> held in New York prior to Plaintiffs' purchase of assets from [Old
> Winstar], a bankrupt company headquartered in New York.
>
> Defendants asserted bankruptcy jurisdiction under 28
> U.S.C. § 1452(a) and removed the case to the United States
> District Court for the Southern District of New York, which denied
> Plaintiffs' Motion to Remand and granted Defendants' Motion to
> Transfer to this Court. This Court then referred the case to the
> United States Bankruptcy Court for the District of Delaware.
>
> The Bankruptcy Court denied Plaintiffs' Motion to Remand
> and granted Defendants' Motion to Dismiss the Complaint as
> barred by Delaware's three-year statute of limitations, which it
> found applied because of the Delaware borrowing statute, 10 Del.
> C. § 8121.

(D.I. 9 at 1)

New Winstar filed a Notice of Appeal on August 25, 2010 (*see* D.I. 12 Ex. 27, Adv. Pro.

No. 08-50296-KJC, D.I. 51), which was entered on the docket of this Court on October 1, 2010

(*see* D.I. 1, 3). New Winstar seeks reversal of the Bankruptcy Court's Order (*see* D.I. 1, 2 Ex.

26, Adv. Pro. No. 08-50296-KJC, D.I. 49) and either equitable remand to New York State Court

under 28 U.S.C. § 1452(b) or permissive abstention under 28 U.S.C. § 1334(c)(2) (*see generally*

D.I. 9, 15; *see also* D.I. 2 at 19-20).

Contentions. On appeal, New Winstar argues that the Bankruptcy Court erred in applying

Delaware's statute of limitations, 10 Del. C. § 8106, and "borrowing statute," 10 Del. C. § 8121,

to the Adversary Proceeding. (*See generally* D.I. 9, 15; *see also* D.I. 2 at 19-20) In Appellants'

view, New York has the "most significant" relationship to Plaintiffs' claims, so New York's

longer six-year statute of limitations should apply. (*See* D.I. 9 at 2, 7-8; D.I. 15 at 6-7)

Plaintiffs' complaint alleged that Defendants' misdeeds occurred during the due diligence period

of November 30 through December 5, 2001. (*See* Adv. Pro. No. 08-50296-KJC, D.I. 2 Ex. A;

Opinion at 14; *see also* D.I. 9 at 2-3) The asset purchase agreement ("APA") was executed on

December 18, 2001 and approved by the Bankruptcy Court the next day; the Asset Sale closed on

December 20, 2001. (*See* Adv. Pro. No. 08-50296-KJC, D.I. 2 Ex. A; Opinion at 14-15; *see also*

D.I. 9 at 3)

If New York's six-year statute of limitations is applicable, then Plaintiffs' May 2007

complaint was timely filed. Alternatively, if, as the Bankruptcy Court concluded, Delaware's

three-year statute of limitations applies, then Plaintiffs' claims are not timely and must be

dismissed.

Standard of review. Appeals from the Bankruptcy Court to this Court are governed by 28

U.S.C. § 158. Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals

"from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from

other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1) and (3). In conducting its review

of the issues on appeal, the Court reviews the Bankruptcy Court's findings of fact for clear error

and exercises plenary review over questions of law. *See Am. Flint Glass Workers Union v.*

*Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). "A finding is 'clearly erroneous' when

although there is evidence to support it, the reviewing court on the entire evidence is left with the

definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum*

*Co.*, 333 U.S. 364, 395 (1948). The Court must "break down mixed questions of law and fact,

applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226,

1229 (3d Cir. 1992).

Analysis. The Court agrees with the Bankruptcy Court that Delaware's three-year statute

of limitations, and not New York's six-year statute of limitations, applies to Plaintiffs' claims.

(*See* Opinion at 14-19)[2] Delaware's borrowing statute provides, in pertinent part:

> Where a cause of action arises outside of this state, an action
> cannot be brought in a court of this State to enforce such a cause of
> action after the expiration of whichever is shorter, the time limited
> by the law of this State, or the time limited by the law of the state
> or country where the cause of action arose, for bringing an action
> upon such cause of action.

10 Del. C. § 8121. If Plaintiffs' causes of action arose in Delaware – because they arose out of

Old Winstar's bankruptcy case, which was pending in Delaware; "the due diligence performed in

this case was done as part of the sale process approved by this [Delaware] Bankruptcy Court,

using professionals employed with the approval of th[e] [Delaware] Bankruptcy Court;" the

"Asset Sale under Bankruptcy Code § 363 was an integral part of the Debtors' Delaware

bankruptcy case;" and "[a]lthough the Defendants were not parties to the APA, the Plaintiffs

agreed to resolve any disputes related to the APA in the Delaware Bankruptcy Court" (Opinion at

9, 11, 19) – then Delaware's three-year statute of limitations applies. Alternatively, even if the

causes of action are deemed to have arisen in New York, Plaintiffs' claims are still time-barred,

as these claims "cannot be brought in a court of this State to enforce such a cause of action after

the expiration" of "the time limited by the law of this State," which is shorter than "the time

limited by the law of the state . . . where the cause of action arose."

---

[2]While it is apparently undisputed that the APA requires New York substantive law to apply to Plaintiffs' causes of action (*see* D.I. 9 at 6; D.I. 11 at 8 n.3), the Court agrees with the Bankruptcy Court that the choice-of-law clause in the APA did not expressly mandate that New York's statute of limitations also apply (*see* Opinion at 17; *see also* D.I. 11 Ex. 1 at 27).

Appellants' discussion of the Delaware Supreme Court's discussion in *Saudi Basic Indus. Corp. v. Mobil Yanbu Petrochemical Co., Inc.*, 866 A.2d 1, 16-17 (Del. 2005), does not alter the outcome.[3] In *Saudi Basic*, the Court held that a literal application of the Delaware borrowing statute was not appropriate when it would circumvent the purpose of the statute, adding that "the overriding purpose of borrowing statutes . . . is 'to prevent shopping for the most favorable forum.'" 866 A.2d at 15, 17. Under the circumstances presented here, the purpose of the borrowing statute is *promoted* by application of the literal terms of the Delaware borrowing statute. Otherwise, Plaintiffs could succeed in shopping for a forum with a longer statute of limitations than should be applied given that their claims arise in Delaware and relate to the bankruptcy proceedings in Delaware. *See generally K&K Screw Prods., L.L.C. v. Emerick Capital Invs., Inc.*, 2011 WL 3505354, at *15 n.96 (Del. Ch. Aug. 9, 2011) (recognizing that "*in certain situations*, Delaware courts do not apply the borrowing statute, even though its literal requirements may be satisfied, where such application would 'subvert' its overriding purpose, which is to prevent a plaintiff from shopping for a favorable limitations period under Delaware law as compared to the law of the state where the cause of action arose") (emphasis added).

That this case ended up in Bankruptcy Court in Delaware due to Defendants' exercise of their right of removal and the granting of their motion to transfer does not compel a contrary conclusion. As Appellees argue:

---

[3]While the Bankruptcy Court did not cite *Saudi Basic* – most likely because it was not cited by the parties (*see* D.I. 9 at 1-2) – this Court has concluded that proper consideration of the case does not warrant reversal of the Bankruptcy Court's Order.

> Indeed, the *Saudi Basic* court's rationale for not applying the
> borrowing statute – in order to discourage forum shopping –
> confirms why the Bankruptcy Court's interpretation of the
> borrowing statute was manifestly correct, because Defendants
> would not have had to move to transfer the case to Delaware if
> Plaintiffs previously had not shopped for a forum with a more
> favorable limitations period.

(D.I. 11 at 5)  The Court further agrees with Appellees that, "Defendants were not shopping for a more favorable forum when bringing the case to Delaware; they were transferring the case to the only forum where Plaintiffs should have filed in the first instance.  This dispositive fact immediately distinguishes *Saudi Basic* and confirms that the Bankruptcy Court's application of the borrowing statute was correct."  (*Id.* at 13; *see also Winstar Holdings, LLC v. Blackstone Group, L.P.*, 2007 WL 4323003, at *5 (S.D.N.Y. Dec. 10, 2007) (granting motion to transfer to Delaware, as Plaintiffs' claims go "directly to the proper performance of duties by professionals retained by the bankruptcy estate, with the approval of the Bankruptcy Court, . . . bear[ing] directly on the distribution of the debtor's estate"))

Appellants' request that, following reversal of the Bankruptcy Court's Order, their causes of action not be returned to the Bankruptcy Court but, instead, be equitably remanded to the New York State Court (*see, e.g.*, D.I. 9 at 2; *see also* 28 U.S.C. § 1452(b)), is moot, given that the Court has not reversed the Bankruptcy Court Order.  Likewise, there is no basis for permissive abstention.  (*See* 28 U.S.C. § 1334(c); *see generally Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship*, 2004 WL 1048239, at *3 (S.D.N.Y. May 7, 2004) ("Courts in this district have treated the analysis under these two statutory provisions as essentially identical . . . ."))

      Conclusion.  For the reasons stated, the Bankruptcy Court's August 11, 2010 Order denying Appellants' request for remand or abstention and dismissing all claims against Appellees is **AFFIRMED**.  The Clerk of Court is directed to **CLOSE** this case.


Wilmington, Delaware                        UNITED STATES DISTRICT JUDGE